IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARLAIN LEWIS,

    Plaintiff,
v.                                                             CASE NO. 4:13-cv-279-WS-GRJ

GREG PARKER,

    Defendant
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a *pro se* Complaint pursuant to 42 U.S.C § 1983. Petitioner is a state prisoner currently incarcerated at Taylor C.I. According to the Florida Department of Corrections website, he is serving a sentence imposed in Sarasota County, Florida, in 2003, for convictions involving robbery. Petitioner contends that he is being unlawfully detained and seeks immediate release from prison. (Doc. 1.)

"[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is clear that Plaintiff's claims in this case go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

Petitioner is incarcerated at Taylor Correctional Institution and challenges his conviction in Sarasota County, Florida. Jurisdiction is therefore appropriate in either this district or in the United States District Court for the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d). Generally,

the district of conviction would be appropriate as it is the most convenient for witnesses should an evidentiary hearing be necessary. However, because this is Plaintiff's second habeas petition, it is appropriate for this Court to dispose of his petition.

Plaintiff has been incarcerated since 2004, when he was adjudicated guilty and sentenced to 15 years in prison for robbery with a deadly weapon. *Lewis v. Secretary, Fla. Dept. of Corrections*, Case No. 8:10-cv-253-T-27TBM, Doc. 13 (M.D. Fla. Jan. 28, 2013.) Plaintiff filed a § 2254 petition in connection with that conviction in the Middle District of Florida in 2010. It was denied on the merits January 28, 2013. (*Id.*) The district court also ordered that Plaintiff was not entitled to a certificate of appealability or to proceed *in forma pauperis*. The docket in that case reflects that on May 15, 2013, the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (*Id.* at Doc. 16.)

When a state prisoner is "in custody pursuant to the judgment of a State court," his petition for a writ of habeas corpus is governed by both 28 U.S.C. § 2241 and the restrictions set forth in 28 U.S.C. § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir .2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

There is nothing in the record reflecting that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that the Complaint, construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), should be **DISMISSED**.

**IN CHAMBERS** this 21st day of May 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.